

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2002

# Monaco v. Mitsubishi Mtr

Precedential or Non-Precedential:

Docket No. 01-3700

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Monaco v. Mitsubishi Mtr" (2002). *2002 Decisions*. Paper 268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3700
_____


VINCENT M. MONACO, on behalf
of himself and all others
similarly situated

                              Appellant

                 v.

MITSUBISHI MOTORS CREDIT
OF AMERICA, INC.
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 96-cv-05599
District Judge:  The Honorable William H. Walls
_____


Submitted Under Third Circuit LAR 34.1(a)
April 9, 2002
_____


Before: McKEE, BARRY, and ALARCON, Circuit Judges

(Opinion Filed:  April 12, 2002)
_____


OPINION
_____

BARRY, Circuit Judge

     Vincent Monaco was the class representative in a consumer class action against
Mitsubishi Motors Credit of America ("MMCA").  Monaco alleged that the early
termination provision of the standard MMCA leasing agreement violated 15 U.S.C.
1667b(b) of the Consumer Leasing Act ("CLA").  Section 1667b(b) requires that all early
termination charges be "reasonable in the light of the anticipated or actual harm caused by
the . . . early termination."  MMCA moved to dismiss the suit, arguing that Monaco's
claim was barred by a settlement in a previous class action, Black v. Mitsubishi Motors
Credit of America, Inc., No. 94 C3055 (N.D. Ill. 1995).  The District Court denied the
motion.

     Subsequently, Monaco moved for partial summary judgment.  In its response,
MMCA responded to Monaco's arguments and reasserted its position that the suit was
barred by the Black settlement.  MMCA did not, however, file a cross-motion for
summary judgment.  Monaco then sought and received leave to file an extended reply
brief so that, in addition to responding to MMCA's arguments on the merits, he could
address the issue of claim preclusion.  The District Court granted summary judgment in
favor MMCA   the non-moving party -- on the basis that this class action was barred by
the Black settlement, and did so without formally notifying Monaco that it was
considering granting relief to MMCA.  The Court found that Williams v. General Electric
Capital Auto Lease, 159 F.3d 266 (7th Cir. 1998), a Seventh Circuit opinion published
after MMCA's motion to dismiss had been denied, had changed the legal landscape so
that the Black settlement barred this suit.  Monaco filed a motion for reargument,
asserting that his claim was not precluded.  The District Court denied the motion, and

Monaco appeals.  We have jurisdiction pursuant to 28 U.S.C.   1291.

     We agree that the Monaco class action was barred by the Black settlement.  As the following analysis demonstrates, however, this conclusion does not depend upon the jurisprudence of the Seventh Circuit.  In Black, the plaintiffs brought a class action alleging that the standard MMCA lease agreement violated 15 U.S.C.   1667a of the CLA.  Section 1667a requires that lessors disclose in a clear and conspicuous manner early termination charges.  It is undisputed that Monaco was a member of the Black class.  The plaintiffs and MMCA entered into a settlement agreement to avoid litigation.  Monaco received notice of the proposed settlement and did not object.  The final order approving the settlement provided that:

>     "[MMCA is] hereby released and discharged from any liability to each and every settlement class member arising out of claims and causes of action that were, are or could have been alleged in this action, including, but not limited to claims . . . arising out of the disclosures in the printed lease forms . . . and claims arising out of the amounts or the formulas used in those leases for calculating any charge for . . . early termination and any other claims of any kind, known, or unknown, that class members had, have or may in the future have arising out of the class members' vehicle leases as set forth in Paragraph 41 of the Settlement Agreement."

(emphasis added) App. at 79.  Here, Monaco brought suit under 15 U.S.C.  1667b(b), alleging that the standard MMCA lease agreement provides for excessive early termination charges.  The plain language of the order approving the settlement makes clear, however, that settlement class members are barred from bringing suit regarding "any charge for . . . early termination."

     Monaco argues that this portion of the order is invalid.  He asserts that although the class representatives in Black challenged the manner in which MMCA disclosed its early termination charges, they lacked standing to release a Section 1667b(b) claim because they had not terminated their leases and, therefore, were not injured by the allegedly excessive charges.  Monaco misapprehends the doctrine of standing.  It is well settled that "to be a class representative on a particular claim, the plaintiff himself must have a cause of action on that claim."  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169 (3d Cir. 1987).  To have standing to bring a claim, the class representative must allege actual or imminent injury.  Highsmith v. Chrysler Credit Corporation, 18 F.3d 434, 437 (7th Cir. 1994).  It does not follow, however, that a class representative must allege an actual or imminent injury in order to release a different but related claim.

     Indeed, we have made clear that a class representative can enter into a settlement that bars future claims by class members "even though the precluded claim was not presented, and could not have been presented." 261 F.3d 355, 366 (3d Cir. 2001) (emphasis added) (citing In re Baldwin-United Corp., 770 F.2d 328, 336 (2d Cir. 1985); TBK Partners Ltd. v. Western Union Corp., 675 F.2d 456, 460 (2d Cir. 1982); Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1287 (9th Cir. 1991)).  The key inquiry is whether the factual predicate for future claims is identical to the factual predicate underlying the settlement agreement.  TBK Partners, 675 F.2d at 460.  In the case before us, Monaco's claim arose from the identical factual predicate as the claims of the plaintiffs in Black.  In both cases, the plaintiffs were challenging the early termination charge provisions of the standard MMCA lease agreement.  The fact that two different types of claims -- one under Section 1667a and the other under 1667b(b) -- were brought does not mean that the factual predicates were different.

     Monaco properly argues that the District Court did not follow the strict requirements of Rule 56 of the Federal Rules of Civil Procedure when it disposed of the case.  Before the District Court granted summary judgment in favor of MMCA -- the non-moving party it should have formally notified Monaco that it was considering ruling in favor of MMCA on the ground of claim preclusion.  Chambers Development Company, Inc. v. Passaic County Utilities Authority, 62 F.3d 582, 584 n. 5 (3d Cir. 1995).  Notification provides the non-moving party with the opportunity to do what it can do to fend off an unfavorable judgment.  In this case, however, the record clearly shows that Monaco had ample opportunity to present evidence and argue the issue of claim preclusion; indeed, he argued against claim preclusion both in his opposition to MMCA's motion to dismiss and again in an extended reply brief at the summary judgment stage.

As such, we do not find that Monaco was unfairly prejudiced by the District Court's unorthodox grant of summary judgment.

Finally, Monaco argues that the District Court erred by failing to "make provision for the other members of the certified class whose claims could not be precluded by Black."  Appellant's Br. at 18.  After careful consideration, we conclude that Monaco's arguments here are similarly unavailing.

For the foregoing reasons, we will affirm the order of the District Court.

/s/ Maryanne T. Barry
Circuit Judge